**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- X
--                                                   :
                                                     :  Chapter 11
In re:                                               :
                                                     :
Eagle Corp. LLC[1],                                  :  Case No.: 19-12565 (JLG)
                                                     :
           Debtor.                                   :
                                                     X
------------------------------------------------------

### CERTIFICATION OF WARREN J. MARTIN JR., ESQ. FILED PURSUANT TO COURT'S ORDER DATED OCTOBER 6, 2020 [ECF 120] IN SUPPORT OF DISMISSAL OF THE DEBTOR'S CHAPTER 11 CASE

I, Warren J. Martin Jr., Esq., certify as follows:

1. I am a principal at the law firm of Porzio, Bromberg & Newman, P.C. ("Porzio"), counsel to Eagle Corp. LLC (the "Debtor" or "Debtor in Possession") in the above-captioned chapter 11 case.

2. I submit this certification pursuant to the *Order Approving Procedures for: (i) Distribution of Remaining Estate Funds, (ii) Ultimate Dismissal of the Debtor's Chapter 11 Case, and (iii) Granting Related Relief* [Docket No. 120] (the "Dismissal Procedures Order")[2].

3. On October 14, 2020, the date initially set for distribution to creditors, a late filed claim was filed by the State of New York, [Claim No. 30] thereby delaying the distribution to creditors. As a result of discussions with the State of New York, that late filed claim has now been

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: Eagle Corp. LLC f/k/a Hill Country Brooklyn, LLC (6882).

[2] Capitalized terms utilized but not defined herein shall have the meaning given them in the Dismissal Procedures Order.

6201019

withdrawn [*See* ECF 122 & 124], thereby facilitating the final distributions to creditors in accordance with this Court's Dismissal Procedures Order.

4. Pursuant to the Dismissal Procedures Order, all allowed professional fees have been paid and disbursed.

5. Pursuant to the Dismissal Procedures Order, the Final Distribution to unsecured creditors was completed on or about November 5, 2020.

6. On November 16, 2020, I caused to be served final Monthly Operating Reports, as well as payment in full of all U.S. Trustee's fees for the 2nd, 3rd, and 4th quarter of 2020.

7. All estate funds have been disbursed, and no activities remain to be performed in this case.

8. Therefore, the undersigned respectfully requests the Court's entry of the proposed Dismissal Order attached hereto as **Exhibit A,** in accordance with the terms of this Court's prior Dismissal Procedures Order**.**

I certify that the facts set forth herein are true and correct to the best of my knowledge, information, and belief.

Dated: November 18, 2020　　　　　By:　　*/s/ Warren J. Martin Jr.*
　　　　　　　　　　　　　　　　　　　　　Warren J. Martin Jr.

　　　　　　　　　　　　　　　　　PORZIO, BROMBERG & NEWMAN, P.C.

　　　　　　　　　　　　　　　　　156 West 56th Street, Suite 803
　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　(212) 265-6888
　　　　　　　　　　　　　　　　　(212) 957-3983 Facsimile

　　　　　　　　　　　　　　　　　*Attorneys for Debtor and Debtor in Possession*

6201019

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
:
In re:                                                                      :    Chapter 11
                                                                                  :
Eagle Corp. LLC[1],                                                 :
                                                                                  :    Case No.: 19-12565 (JLG)
                Debtor.                      :
                                                                                  :
---------------------------------------------------------X

### ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE

Upon the motion (the "Motion")[2] of Eagle Corp. LLC (the "Debtor"), for entry of an Order pursuant to Sections 105(a), 305(a), and 1112(b) of the of title 11 of the Bankruptcy Code and Bankruptcy Rule 1017(a), 2002, and 9013, seeking entry of an order (i) approving procedures and form of distribution of remaining funds, (ii) voluntarily dismissing this Chapter 11 Case, and (iii) granting related relief; filed on May 8, 2020 [ECF No. 92]; and upon this Court's Order Approving Procedures for: (I) Distribution of Remaining Estate Funds, (ii) Ultimate Dismissal of the Debtor's Chapter 11 Case, and (III) Granting Related Relief entered on October 6, 2020 [ECF No. 120]; and upon the Court's receipt and review of the *Certification of Counsel and Request for Entry of an Order Dismissing the Chapter 11 Case*, filed on November 18, 2020 [ECF No.    ], and for good cause shown, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

    1.    Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Chapter 11 Case is hereby dismissed effective as of the entry of this Order.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: Eagle Corp. LLC f/k/a Hill Country Brooklyn, LLC (6882).

[2] Capitalized terms utilized but not defined herein shall have the meanings given them in the Motion.

4465941

2.  Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Case, including, without limitation, the Sale Order, and the Assets Purchase Agreement shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Case, and are specifically preserved for purposes of finality of judgment and *res judicata*.

3.  Each of the Professional's retentions by the Debtor's estates is terminated, effective immediately, without the need for further action on the part of this Court, the Debtor, or such firms.

4.  The Debtor is hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

5.  To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

6.  Notwithstanding the dismissal of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court, including this Order, entered in the Chapter 11 Case.

Dated: _____, 2020
New York, New York

_____
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

4465941